A CERTIFIED TRUE COPY

FEB 1 3 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 3 2006

FILED
CLERK'S OFFICE

**DOCKET NO. 1663**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION

*Bensley Construction, Inc. v. Marsh & McLennan Companies, Inc., et al.*, D. Massachusetts, C.A. No. 1:05-11249

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by i) the plaintiff in one District of Massachusetts (*Bensley*), and ii) five of *Bensley*'s defendants, i.e., Liberty Mutual Group Inc. and four of its affiliated entities (collectively, the Liberty defendants). Movants ask the Panel to vacate an order conditionally transferring *Bensley* to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Faith S. Hochberg. Responding in support of transfer of *Bensley* are all but one of the action's twenty remaining defendants.

On the basis of the papers filed and hearing session held, the Panel finds that *Bensley* involves common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of New Jersey was a proper Section 1407 forum for actions brought by persons allegedly injured by a conspiracy among common defendants and/or co-conspirators to affect the sale of insurance sold in the United States. *See In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp.2d 1371 (J.P.M.L. 2005).

Both the plaintiff and the Liberty defendants raise a similar argument in their opposition to transfer. They contend that the Panel should deny or defer transfer in order to permit the Massachusetts court to rule on a pending, potentially dispositive motion (a motion to remand to state court is cited in the plaintiff's briefing, and a motion for dismissal is cited by the Liberty defendants). It is unnecessary to deny or delay transfer of *Bensley*, however, because such pending matters, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). Moreover, the Massachusetts court has already stayed further proceedings in *Bensley* pending the Panel's Section 1407 decision. In

- 2 -

a January 19, 2006 order the court (after noting the pendency of the motions before the Panel to vacate the *Bensley* conditional transfer order) expressly found that "[t]he practical benefits of limiting duplicative efforts and obtaining consistent rulings on common issues counsels in favor of staying any action on other pending motions in this case until the [Panel] has resolved the transfer question."

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## INVOLVED COUNSEL LIST
## DOCKET NO. 1663
## IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION

Mitchell J. Auslander
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099

Paula M. Bagger
Cooke, Clancy & Gruenthal LLP
265 Franklin Street
Boston, MA 02110

Laura Besvinick
Hogan & Hartson, LLP
1111 Brickell Avenue
Suite 1900
Mellon Financial Center
Miami, FL 33131

Douglas M. Brooks
Martland & Brooks, LLP
Stonehill Corporate Center
999 Broadway
Suite 500
Saugus, MA 01906

Timothy James Casey
Ropes & Gray, LLP
One International Place
Boston, MA 02110

Mark J. Claflin
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

John F. Collins
Dewey, Ballantine, L.L.P.
1301 Avenue of the Americas
New York, NY 10019-6092

Ian Crawford
Todd & Weld, LLP
28 State Street
31st Floor
Boston, MA 02109

Kenneth G. Gilman
Gilman & Pastor, LLP
60 State Street
37th Floor
Boston, MA 01906

John A. D. Gilmore
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2600

H. Lee Godfrey
Susman Godfrey, LLP
1000 Louisiana
Suite 5100
Houston, TX 77002-5096

Joseph M. Hamilton
Mirick, O'Connell, DeMallie & Lougee
100 Front Street
Suite 1700
Worcester, MA 01608

Edith M. Kallas
Milberg, Weiss, Bershad & Schulman, LLP
One Pennsylvania Plaza
New York, NY 10119

Ralph T. Lepore III
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

Daniel S. Savrin
Bingham McCutchen LLP
150 Federal Street
15th Floor
Boston, MA 02110

Patrick C. Schmitter
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
20th Floor
New York, NY 10022-2524

Barry Y. Weiner
Ruberto, Isreal & Weiner, P.C.
100 North Washington Street
Boston, MA 02114

Daniel B. Winslow
Duane Morris LLC
470 Atlantic Avenue
Suite 500
Boston, MA 02210